IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS R. GROSSINGER,**<br>                Plaintiff,<br><br>        v.<br><br>**BIJAN FARHANGUI,**<br>                Defendant. | CIVIL ACTION<br><br><br><br>NO. 20-745 |
| **BIJAN FARHANGUI,**<br>                Plaintiff,<br><br>        v.<br><br>**DOUGLAS R. GROSSINGER,**<br>                Defendant. | CIVIL ACTION<br><br><br><br>NO. 20-2002 |

## MEMORANDUM OPINION

In 2018, Douglas Grossinger borrowed $100,000 from Bijan Farhangui. After repaying $85,000, Grossinger stopped paying and sued Farhangui for unjust enrichment as well as for usury under Pennsylvania's Loan Interest and Protection Law, 41 Pa. C.S.A. § 101 *et seq.* ("LIPL"). Farhangui has filed a motion to dismiss.[1]

Grossinger, a lawyer, wanted the loans to fund his work on a complex litigation matter. The money was loaned through two agreements: one for $75,000 dated April 27, 2018, and the other for $25,000 dated June 18, 2018.[2] For both contracts, Grossinger signed a "Borrower's Affidavit of Business Purpose" in which he declared that "[n]one of the funds loaned to me . . .

---

[1] Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim for which relief can be granted." A complaint overcomes a 12(b)(6) motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[2] Both contracts provide that the agreements are governed by Pennsylvania law.

will be used for personal (*i.e.* non-business) purposes." The agreements also describe Grossinger as "an attorney and businessperson" and Farhangui as a "businessperson."[3]

The interest rate on the loans was 100%, and, accordingly, each contract required Grossinger to repay twice the amount loaned—for a total of $200,000—to Farhangui by April 2019. Given the late provision in the contract that provides "[i]f Grossinger defaults on his obligations . . . by failing to make timely repayment, interest additional interest [*sic*] shall accrue at a rate of 10% per month, or the maximum legally-allowable rate of interest, whichever is lower[,]" Farhangui demanded immediate repayment of the debt. Although the contract does not include a provision regarding whether the late payment should be calculated based on the principal balance of the loan each month (simple interest) or on the principal balance plus any outstanding interest accrued at each previous calculation period (compound interest), Farhangui used a compound interest calculation to determine that Grossinger owed him $323,300.29. Additionally, Farhangui's calculations were that Grossinger would owe him $1,048,538.64 if payment was not made by December 31, 2020.

Grossinger's usury claim is premised on Section 201(a) of the LIPL which concerns maximum lawful interest rates on loans.[4] However, his claim must fail because Section 201(a) does not apply to business loans. *See* 41 Pa. C.S.A. § 201(b)(3) (stating that Section 201(a) "shall not apply to . . . business loans"); *see also Gur v. Nadav*, 178 A.3d 851, 857-58 (Pa. Super. 2018) (allowing a 50% interest rate on a business loan because Section 201 "specifically exempts

---

[3] The two contracts in dispute were attached to the Amended Complaint. Given so, and as they are integral to the claims, they shall be considered on this motion to dismiss. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted) (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

[4] Grossinger also seeks to bring a common law usury claim but, in Pennsylvania, the collection of interest is governed by the LIPL, and "the right to charge [interest], being a privilege granted by statute, is subject to legislative control." *See Smith v. Mitchell*, 616 A.2d 17, 19 (Pa. Super. 1992). Because usurious rates are governed by statute, Grossinger has no common law usury claim. *See id.*

2

business loans of any principal amount from this statutory limitation, effectively authorizing higher, albeit unspecified, rates in the business setting"); *First Sur. Fin. LLC, v. Taylor Assocs. LP*, 2014 WL 7913573, at *4 (Pa. Ct. Com. Pl. 2014) (allowing a business loan with an interest rate exceeding 25% given the Section 201exception), *aff'd*, 2015 WL 6460422, at *4 n.2 (Pa. Super. 2015).  Grossinger argues that these cases are distinguishable because they affirmed interest rates that were below the 100% interest rate and 10% compound interest rate here.  But he fails to provide any case law to the effect that Section 201 limits business loan interest rates in any way.[5]

Grossinger's unjust enrichment claim must also be dismissed because under Pennsylvania law, unjust enrichment does not apply where there is a written contract that governs the relationship—"regardless of how 'harsh the provisions of such contracts may seem in the light of subsequent happenings.'"  *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006) (quoting *Third Nat'l & Tr. Co. v. Lehigh Valley Coal Co.*, 44 A.2d 571, 574 (Pa. 1945)); *see also Wingert v. T.W. Philips Gas & Oil Co.*, 157 A.2d 92, 94 (Pa. 1959) (holding that the unjust enrichment doctrine only applies in situations where a legal contract does not exist).  Here, written contracts govern the disputed issues here.

Grossinger attempts to circumvent this well-settled rule, arguing that the phrase "shall accrue at a rate of 10% per month" indicates that the 10% interest rate should be construed as a simple interest rate, and that, if the contract intended a simple interest rate calculation, paying the compound interest rate would be outside the scope of the contract and would unjustly enrich

---

[5] Nor does Section 202 apply here.  Section 202 applies to contracts that refer to a "legal rate of interest[,]" which is not the precise language of the contracts at issue.  *See* 41 Pa. C.S.A. § 202.  The Pennsylvania Supreme Court has "long ago emphasized that [t]he parties [have] the right to make their own contract, and it is not the function of this Court to re-write it, or to give it a construction in conflict with . . . the accepted and plain meaning of the language used." *Felte v. White*, 302 A.2d 347, 351 (Pa. 1973) (internal quotations omitted).  The contract as written— referring to the "maximum legally-allowable rate of interest"—shall be enforced and, accordingly, Section 202 does not apply.

Farhangui.  While the provision may be ambiguous, that fact does not transform this contract claim into one for unjust enrichment.  *See, e.g.*, *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999-1000 (3d Cir. 1987) (holding that the plaintiff could not recover under unjust enrichment because all of the services performed were covered by the parties' agreement); *Donnelly v. Option One Mortg. Corp.*, 2013 WL 3336766, at *10 (D.N.J. July 1, 2013) (dismissing an unjust enrichment claim because plaintiffs failed to plead that past payments on a mortgage loan unjustly enriched the defendant outside of contractual obligations).  Here, the contracts directly address the interest rates on the business loans, thus such rates are within the scope of the contract and not properly addressed in an unjust enrichment context.

An appropriate order follows.[6]

**July 28, 2020**

                                             **BY THE COURT:**

                                             /s/Wendy Beetlestone, J.

                                             **WENDY BEETLESTONE, J.**

---

[6] Although courts should freely grant leave to amend "when justice so requires . . . a court may deny leave to amend when such amendment would be futile."  *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (internal quotations omitted).  Grossinger has already amended once and, given the contractual language here, further amendment would be futile.